UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BCS SOFTWARE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ZOHO CORPORATION <br><br> Defendant. | Civil Action No. 6:21-CV-00051-ADA |

### DEFENDANT ZOHO CORPORATION'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Zoho Corporation ("Zoho"), by and through its attorneys, hereby answers the Complaint for Patent Infringement ("Complaint") of Plaintiff BCS Software, LLC ("BCS") as follows:

### RESPONSE TO THE PARTIES

1. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Complaint and on that basis denies them.

2. Zoho admits that it has an office at 6800 Burleson Road, Building 310, Suite 200, Austin, Texas 78744. Zoho denies the remaining allegations set forth in Paragraph 2 of the Complaint.

### RESPONSE TO JURISDICTION AND VENUE

3. The allegations set forth in Paragraph 3 of the Complaint appear to state legal conclusions to which a responsive pleading is not required. To the extent that a responsive pleading is required, Zoho admits that the Complaint purports to state a cause of action that arises under the federal patent statutes and admits that this Court has subject matter jurisdiction over such actions based on 28 U.S.C. §§ 1331 and 1338(a).

4. Zoho denies the allegations set forth in Paragraph 4 of the Complaint.

5. Zoho admits that it has an office at 6800 Burleson Road, Building 310, Suite 200, Austin, Texas 78744.

6. The allegations set forth in Paragraph 6 of the Complaint appear to state legal conclusions to which a responsive pleading is not required. To the extent that a responsive pleading is required, Zoho admits that its products are available for sale in Texas, as well as in all other states in the United States of America. Zoho denies that any of its products infringe any claim of the patent asserted in the Complaint.

7. Zoho admits that its products are available for sale in Texas, as well as in all other states in the United States of America. Zoho denies that any of its products infringe any claim of the patent asserted in the Complaint.

8. Zoho admits that venue is proper in this district pursuant to 28 U.S.C. § 1400(b). However, the Austin Division of the Western District of Texas is the more convenient forum for the matter.

## RESPONSE TO THE '120 PATENT

9. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint and on that basis denies them.

10. Zoho denies the allegations in Paragraph 10 of the Complaint.

11. Zoho denies the allegations in Paragraph 11 of the Complaint.

12. Zoho admits that the '120 patent purports to claim priority to October 2004. Zoho denies the remaining allegations set forth in Paragraph 12 of the Complaint.

13. Zoho denies the allegations in Paragraph 13 of the Complaint.

14. Zoho denies the allegations in Paragraph 14 of the Complaint.

15. Zoho denies the allegations in Paragraph 15 of the Complaint.

16. Zoho denies the allegations in Paragraph 16 of the Complaint.

## RESPONSE TO NOTICE OF BCS' PATENTS

17. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the Complaint and on that basis denies them.

18. Zoho lacks sufficient knowledge or information to form a belief as to the truth or

falsity of the allegations in Paragraph 18 of the Complaint and on that basis denies them.

19. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Complaint and on that basis denies them.

20. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Complaint and on that basis denies them.

21. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Complaint and on that basis denies them.

22. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Complaint and on that basis denies them.

23. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Complaint and on that basis denies them.

24. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Complaint and on that basis denies them.

25. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Complaint and on that basis denies them.

26. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Complaint and on that basis denies them.

27. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Complaint and on that basis denies them.

28. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Complaint and on that basis denies them.

29. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Complaint and on that basis denies them.

30. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30 of the Complaint and on that basis denies them.

31. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the Complaint and on that basis denies them.

32. Zoho lacks sufficient knowledge or information to form a belief as to the truth or

falsity of the allegations in Paragraph 32 of the Complaint and on that basis denies them.

33. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Complaint and on that basis denies them.

34. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Complaint and on that basis denies them.

35. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Complaint and on that basis denies them.

36. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Complaint and on that basis denies them.

## RESPONSE TO DEFENDANT'S PRODUCTS

37. Zoho admits that it provides products called Zoho Docs and Zoho WorkDrive. Zoho denies that it infringes any claim of U.S. Patent No. 8,819,120 ("the '120 patent") and denies the remaining allegations in Paragraph 37 of the Complaint.

38. Zoho admits that its Zoho Docs and Zoho WorkDrive products are online services that allow users to share and manage files. Zoho denies that it infringes any claim of the '120 patent and denies the remaining allegations in Paragraph 38 of the Complaint.

## RESPONSE TO COUNT I
## (INFRINGEMENT OF THE '120 PATENT)

39. Zoho incorporates its responses in each of the foregoing paragraphs by reference.

40. Zoho admits that it first learned of the '120 patent from the Complaint.

41. Zoho denies the allegations in Paragraph 41 of the Complaint.

42. Zoho denies the allegations in Paragraph 42 of the Complaint.

43. Zoho denies the allegations in Paragraph 43 of the Complaint.

44. Zoho admits that it sells Zoho Docs and Zoho WorkDrive products. Zoho denies that it infringes any claim of the '120 patent and denies the remaining allegations in Paragraph 44 of the Complaint.

45. Zoho admits that the Zoho Docs and Zoho WorkDrive products let users share data and files with other users. Zoho denies that it infringes any claim of the '120 patent and denies the

remaining allegations in Paragraph 45 of the Complaint.

46.     Zoho admits that the Zoho Docs and Zoho WorkDrive products let users share data and files with other users.  Zoho denies that it infringes any claim of the '120 patent and denies the remaining allegations in Paragraph 46 of the Complaint.

47.     Zoho admits that the Zoho Docs and Zoho WorkDrive products let users share data and files with other users.  Zoho denies that it infringes any claim of the '120 patent and denies the remaining allegations in Paragraph 47 of the Complaint.

48.     Zoho admits that the Zoho Docs product includes a chat feature.  Zoho admits that the Zoho WorkDrive product includes comment functionality.  Zoho denies that it infringes any claim of the '120 patent and denies the remaining allegations in Paragraph 48 of the Complaint.

49.     Zoho admits that the Zoho Docs and Zoho WorkDrive products use cloud storage to store data. Zoho denies that it infringes any claim of the '120 patent and denies the remaining allegations in Paragraph 49 of the Complaint.

50.     Zoho admits that users can set access levels to shared files in the Zoho Docs and Zoho WorkDrive products.   Zoho denies that it infringes any claim of the '120 patent and denies the remaining allegations in Paragraph 50 of the Complaint.

51.     Zoho admits that users are able to download files using the Zoho Docs and Zoho WorkDrive products.  Zoho denies that it infringes any claim of the '120 patent and denies the remaining allegations in Paragraph 51 of the Complaint.

52.     Zoho admits that Paragraph 52 of the Complaint purports to recite Claim 2 of the '120 patent.  Zoho denies that it infringes any claim of the '120 patent.

53.     Zoho admits that users can set access levels to shared files in the Zoho Docs and Zoho WorkDrive products.  Zoho denies that it infringes any claim of the '120 patent and denies the remaining allegations in Paragraph 53 of the Complaint.

54.     Zoho admits that Paragraph 54 of the Complaint purports to recite Claim 3 of the '120 patent.  Zoho denies that it infringes any claim of the '120 patent.

55.     Zoho admits that the Zoho Docs and Zoho WorkDrive products use cloud storage to store data. Zoho admits that users can set access levels to shared files in the Zoho Docs and Zoho

WorkDrive products. Zoho denies that it infringes any claim of the '120 patent and denies the remaining allegations in Paragraph 55 of the Complaint.

56. Zoho denies the allegations in Paragraph 56 of the Complaint.

57. Zoho denies the allegations in Paragraph 57 of the Complaint

## RESPONSE TO PRAYER FOR RELIEF

Zoho denies that BCS is entitled to the relief it seeks in Paragraphs 1-4 or any relief at all for the allegations made in its Complaint. Zoho denies all allegations in the Complaint that have not been specifically admitted in paragraphs 1- 57 above.

## RESPONSE TO JURY DEMAND

Zoho admits that BCS purports to demand a jury trial. Zoho also requests a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

Zoho hereby asserts the following affirmative and other defenses to the claims and allegations contained in the Complaint. Zoho reserves the right to seek leave to amend this Answer to the Complaint to plead additional defenses and/or to supplement its existing defenses.

### First Defense (Non-Infringement)

1. Zoho has not infringed, and does not infringe, and is not liable for any infringement of any claim of the '120 patent.

### Second Defense (Invalidity)

2. The '120 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, or the rules, regulations, and the law related thereto, including, without limitations, in 35 U.S.C. §§ 101, 103, 103, and 112 because the alleged invention lacks patentable subject matter; was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or were in public use or on sale for more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not claim what the applicants regarded as their invention; or does not contain a proper written

description or enabling disclosure.

### Third Defense (Limitation on Damages)

3. BCS' claim for damages is barred, in whole or in part, by 35 U.S.C. § 286 and 35 U.S.C. § 287 and BCS' failure to provide notice thereunder.

### Fourth Defense (Limitation on Costs)

4. BCS' claim for costs is barred, in whole or in part, by 35 U.S.C. § 288.

### Fifth Defense (Equitable Defenses)

5. BCS is barred or limited from recovery in whole or in part by the doctrines of estoppel, waiver, acquiescence, patent misuse, and unclean hands.

### Sixth Defense (Extraterritoriality)

6. To the extent BCS' claims are directed to acts occurring outside the United States, those claims are barred or limited by the doctrine of territoriality under 35 U.S.C. § 271 et seq., including but not limited to § 271 (a) and (c).

### Seventh Defense (Exceptional Case and Enhanced Damages)

7. BCS is not entitled to recover attorney's fees, costs and/or enhanced damages under 35 U.S.C. § 284 and/or 285.

### Reservation of Additional Defenses

8. Zoho reserves any and all additional defenses available to them under Title 35, or the rules, regulations, and law related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, or otherwise in law or equity, now existing or later arising, as may be discovered.

Dated: March 17, 2021              Respectfully submitted,

                                                      By:   */s/ Darryl J. Adams*

Darryl J. Adams (TX Bar No. 00796101)
dadams@sgbfirm.com
Tecuan Flores (TX Bar No. 24084569)
tflores@sgbfirm.com
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Suite 1650
Austin, TX 78701
Telephone: (512) 402-3550

Ryan Marton (*pro hac vice* forthcoming)
ryan@martonribera.com
Hector Ribera (*pro hac vice* forthcoming)
hector@martonribera.com
Carolyn Chang (*pro hac vice* forthcoming)
carolyn@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone: (415) 360-2511

ATTORNEYS FOR DEFENDANT ZOHO CORPORATION

## CERTIFICATE OF SERVICE

    The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Darryl J. Adams*
Darryl J. Adams
