UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BCS SOFTWARE, LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ZOHO CORPORATION § <br> § <br> Defendant. § <br> § | Civil Action No. 6:21-CV-00051-ADA |

**DEFENDANT ZOHO CORPORATION'S OPPOSED MOTION TO
<u>TRANSFER VENUE TO THE AUSTIN DIVISION</u>**

Defendant Zoho Corporation ("Zoho") seeks an intra-district transfer to the Austin Division, where both Zoho and Plaintiff BCS Software, LLC ("BCS") maintain offices and thus where it is more convenient for all anticipated participants in the litigation to appear. Counsel for the parties have conferred in good faith on the substance of this motion but were unable to reach agreement. Plaintiff's counsel has said that it plans to oppose the motion.

**I.      INTRODUCTION**

This case belongs in Austin. Zoho's only facility in the Western District of Texas is in Austin; Zoho's key witness is in Austin; and the most central documents to this case (Zoho's source code) are located in Austin. By contrast, there are no sources of proof or relevant witnesses in Waco. Although BCS alleges that its principal place of business is in Waco, it does not appear to have any personnel that work or reside in Waco and its registered address with the state of Texas is in Austin, as is the address of its only registered member and director.

Moreover, travel to Austin from Zoho Corporation's headquarters in Northern California, or from its parent company's offices in India, as well as for other party and non-party witnesses located outside the district, is more convenient than travel to Waco. BCS could have brought this case in the Austin Division, and the Court should therefore transfer it case to Austin for the convenience of the parties and witnesses.

**II.     FACTUAL BACKGROUND**

    **A.     Zoho Has No Connection to Waco and Key Witnesses in Austin**

Defendant Zoho Corporation is a California corporation with its principal place of business in Pleasanton, California. Declaration of Shailesh Kumar Davey (Davey Decl.) ¶ 1. Zoho's parent company, Zoho Corporation Pvt. Ltd.—where the bulk of its engineering staff are employed—is headquartered in Chennai, India. Davey Decl. ¶ 2. Zoho has no facilities in Waco and is unaware of any employees in the Waco area. Davey Decl. ¶ 5. Zoho's only connection to

the Western District of Texas is in Austin, where Zoho employs thirty people in sales and training roles and where key sources of proof reside.  Davey Decl. ¶¶ 4, 5.

Zoho's Chief Evangelist, Raju Vegesna, will be an important witness in the case.  Mr. Vegesna is located in Austin and likely to be Zoho's witness on sales, marketing and finances related to the products accused of infringement by BCS's infringement.  Davey Decl. ¶ 6.  Mr. Vegesna is also knowledgeable about Zoho prior art systems, such as Zoho Virtual Office—for which he was the product manager—and Zoho Drive, that Zoho will likely rely on in this case.  Davey Decl. ¶ 7.

### B. BCS Does Not Have a Genuine Connection to Waco

BCS is a limited liability company organized and existing under the laws of Texas with, until recently, its only place of business in Austin, Texas.  *See* Complaint ¶ 1 in *BCS Software, LLC v. HPE, Inc.*, Civ. No. 6:20-cv-00708 (W.D. Tex. August 2, 2020) ("BCS Software, LLC is a limited liability company organized and existing under the laws of the Texas with its principal place of business in Austin, Texas.").  According to the Complaint, it now has its place of business in Waco.  Complaint ¶ 1.  The address it lists is a "coworking space," a business that offers rentable workspaces for freelancers along with mail service and conference rooms.  *See* Haack Decl. ¶¶ 2–3, Haack Decl. Exh. A at 4-6, Exh. B.

Even so, BCS' website suggests that it is still based in Austin.  Haack Decl., Ex. C (reciting "AUSTIN – TEXAS BCS Software"); Ex. D (listing the patent-in-suit and "AUSTIN – TEXAS BCS Software"); *see also id.* Ex. F (listing "Bluebonnet Consulting Services & Software" as an Assumed Name for BCS Software, LLC).  No public sources show that BCS has any employees in Waco.  Further, the Texas Secretary of State and Texas State Comptroller still list BCS's place of business as Austin and identifies the sole registered member of the LLC as an

Austin resident.  Haack Decl., Exs. E, F, G, H; *see also id.* Ex. I (showing Austin as the location of BCS's director and member).

BCS agreed to transfer prior cases to the Austin Division for the convenience of the parties and witnesses under 28 U.S.C. § 1404(a).  *See BCS Software, LLC v. Itron, Inc.*, 6-19-cv-00728, Dkt. 23 (W.D. Tex. Jun. 26, 2020); *see also BCS Software, LLC v. Landis+Gyr Technologies, LLC*, 6-20-cv-00005, Dkt. 25 (W.D. Tex. Jun. 26, 2020).  All of BCS's cases filed in Waco before its most recent wave were dismissed voluntarily or by stipulation at an early stage.

### C.   This Case Is in the Earliest Stages

BCS filed its complaint purporting to allege infringement by Zoho of U.S. Patent No. 8,819,120 (the "Asserted Patent").  *See* Dkt. 1.  Zoho has not yet responded to the Complaint, no scheduling order has been entered, and fact discovery has not opened.  This action is at an early stage and no substantive analysis has yet been undertaken by the Court.

### III.   LEGAL STANDARD

A civil action may be transferred "[f]or the convenience of parties and witnesses, in the interest[s] of justice" to "any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Section 1404(a) applies "as much to transfers between divisions of the same district as to transfers from one district to another."  *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

The party seeking transfer must show "good cause" and, if "the transferee venue is clearly more convenient," the court should transfer.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"); *see also Datascape, Ltd. v. Dell Techs., Inc.*, No. 6:19-cv-00129-ADA, 2019 WL 4254069, at *1-2 (W.D. Tex. June 7, 2019); *Radmax*, 720 F.3d at 290; *Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*, No. 1:14-CV-464-LY, 2014 WL

12479284, at *3 (W.D. Tex. Aug. 12, 2014).  It is an abuse of discretion not to transfer a case to a transferee forum that is "clearly more convenient." *Volkswagen II*, 545 F.3d at 315; *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008).

In determining whether transfer is appropriate under § 1404(a), courts first consider "whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312.  If so, courts weigh the relative convenience of the venue based on: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Radmax,* 720 F.3d at 288 (citing *Volkswagen*, 545 F.3d at 315).

IV.   ARGUMENT

    A.   This Action Could Have Been Brought in the Austin Division

To determine whether transfer is appropriate under section 1404(a), courts first consider whether the action could have been filed in the destination venue.  *Volkswagen II,* 545 F.3d 304 at 312.  Because Zoho has offices and employees in Austin and because Zoho admits for this action that venue is proper in the Western District of Texas, this cause could have been brought in the Austin Division.  *See Mimedx,* 2014 WL 12479284, at *1.

    B.   The Austin Division Is More Convenient than the Waco Division

        1.   Key Sources of Proof in This District Are in the Austin Division

Greater relative ease of access to proof favors transfer to the Austin Division.  Zoho's only place of business in the Western District of Texas is in Austin.  Davey Decl. ¶ 4.  Given that

it "has a campus in Austin, but not in Waco, it is easier to access [Zoho's] electronic documents from Austin than from Waco." *VLSI Tech. LLC v. Intel Corp.*, 6:19-CV-00254-ADA, 2019 WL 8013949, at *3 (W.D. Tex. Oct. 7, 2019). And, as this Court has previously observed, because Zoho is the accused infringer, it is likely that it will have the bulk of the documents that are relevant in this case. *See SynKloud Techs., LLC v. Dropbox, Inc.*, 6:19-CV-00526-ADA, 2020 WL 2528545, at *3–4 (W.D. Tex. May 18, 2020) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.")). That evidence will necessarily include source code for Zoho's accused products, which would be available in Austin.

By contrast, no evidence will exist in Waco. The only alleged facility of BCS in Waco is an address at a shared coworking space where people can rent desks and other workspaces. Haack Decl., Ex. A at 4–7, 10; Ex. B at 1–3. Further, BCS' registered address with the State of Texas is apparently in Austin, which is also where its sole member and director resides. *Id.*, Exs. E, F, G, H; *see also id.* Ex. I (showing Austin as the location of BCS's director and member). Accordingly, any relevant documents are likely located in Austin, not Waco.

Thus, this factor strongly favors transfer to the Austin Division.

### 2. There Are No Known Witness Requiring Compulsory Process

At this point, no party has identified any unwilling witnesses who would need to be compelled to attend trial in either Waco or Austin. This factor is neutral.

### 3. Austin Is More Convenient and Less Costly than Waco for Likely Willing Witnesses

As for "the cost of attendance of all willing witnesses," the relevant Zoho witnesses in this district work and reside in the Austin Division. Davey Decl. ¶¶ 4–5; *see Mimedx*, 2014 WL

12479284, at *2. As discussed above, these include Mr. Vegesna, who Zoho expects will provide testimony on both damages-related topics and Zoho's own prior art. Davey Decl. ¶¶ 6–7. Requiring Zoho witnesses to travel to Waco for hearings or trial would place an unnecessary and avoidable burden on them. If trial is held in Austin, on-call witnesses can keep working at their regular office while they wait. For Zoho witnesses resident in Northern California or elsewhere outside the Western District of Texas, traveling to Austin is significantly more convenient than Waco, given the greater availability of nonstop flights, and the ability for those witnesses to use Zoho's office space already available in Austin as needed.

As discussed above, BCS's own witnesses are apparently located in Austin, and the named inventors appear to reside outside the district, so the convenience of Austin over Waco applies to both parties and likely third-party witnesses. *See* Haack Decl., Ex. J at 1 ('120 Patent, showing the inventors as residents of Sunnyvale, California); *see Sweet v. Indianapolis Jet Ctr., Inc.,* No. SA-10-CV-1039-XR, 2011 WL 2518862, at *2 (W.D. Tex. June 22, 2011) ("The availability and convenience of witnesses is arguably the most important of the factors in the § 1404 analysis.").

Further, even if BCS's witnesses have recently relocated from Austin to Waco, in "patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *Mimedx*, 2014 WL 12479284, at *2 (quoting *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009)). Although the identity of witnesses likely to be presented at trial is impossible to determine at this stage of the case, it is reasonable to assume that the number of witnesses will be greater for Zoho than for BCS. Thus, a transfer to Austin will decrease the collective overall cost and inconvenience to the parties. In sum, the greater convenience of Austin for willing witnesses supports transfer.

### 4. Practical Factors That Make Trial of a Case Easy, Expeditious and Inexpensive Favor Transfer to Austin

This factor favors transfer when, as here, the case is at its earliest stages. *Mimedx*, 2014 WL 12479284, at *2. Discovery has yet to begin, the pleadings have not closed, and the parties have not engaged in claim construction. Thus, transfer to the Austin Division would not cause any meaningful delay or prejudice. That BCS has sued other entities in the Waco division does not "negate[] the significance of having trial close to where most of the identified witnesses reside and where the other convenience factors clearly favor." *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010). This factor favors transfer.

### 5. Austin Has the Greater Interest in This Action

To weigh the local interest in having localized interests decided at home, courts must consider the "factual connection" to the venue. Austin has a considerable interest in deciding this case, given that Zoho operates facilities employing thirty people in Austin, and the substantive decision-makers behind BCS reside there. Davey Decl. ¶ 4; Haack Decl., Ex. E-I. No Zoho products are developed in Waco, nor has BCS presented any facts suggesting that the purported invention of the Asserted Patent occurred in Waco. Davey Decl. ¶ 2. In sum, Austin has the greater interest in and connection to the outcome of this litigation. *See Datascape*, 2019 WL 4254069, at *3 (holding that local interest favors transfer from Waco to Austin when "outcome of the instant action likely affects local Austin interests more acutely than local Waco interests."). Thus, this factor strongly favors transfer.

### 6. Judicial Economy Is a Neutral Factor

Judicial economy neither favors remaining in the Waco Division nor transferring to the Austin Division. Although BCS has filed several cases in the Waco Division, none of the pending cases have advanced beyond the pleadings stage. As a result, this factor is neutral.

7

7. **Familiarity with Governing Law, Avoidance of Conflicts of Law and Administrative Difficulties Flowing from Court Congestion Are Neutral**

Each division is equally familiar with the laws governing this action, no conflicts of law or foreign law issues arise here, and no delay or other administrative difficulties are likely to arise from a transfer from the Waco Division to the Austin Division. Thus, these factors are neutral.

## V.   CONCLUSION

Each of the factors considered in a motion to transfer under 28 U.S.C. § 1404(a) either favors transfer or is neutral. For that reason, Zoho requests that this case be transferred to the Austin Division.

Date: March 31, 2021

/s/ Darryl J. Adams
Darryl J. Adams (TX Bar No. 00796101)
dadams@sgbfirm.com
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Suite 1650
Austin, TX 78701
tel: 512.402.3550
fax: 512.402.6865

Ryan Marton (*pro hac vice* pending)
ryan@martonribera.com
Carolyn Chang (*pro hac vice* pending)
carolyn@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone:     (415) 360-2511

*Attorneys for Defendant Zoho Corporation*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served on all counsel of record via the CM/ECF system on this 31st day of March, 2021.

        By:   */s/ Darryl J. Adams*
               Darryl J. Adams