UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BCS SOFTWARE, LLC,<br><br>Plaintiff<br><br>v.<br><br>ZOHO CORPORATION<br><br>Defendant. | Case No. 6:21-cv-0051-ADA |

**PLAINTIFF'S REPLY CLAIM CONSTRUCTION BRIEF**

## I.      INTRODUCTION

Plaintiff BCS Software, LLC ("Plaintiff") presents this reply claim construction brief relating to the two (2) disputed terms for asserted claims 1, 6, 12, 15, 19, 20, and 21 of U.S. Patent No. 8,819,120 (the "'120 Patent"). Instead of offering proposed constructions that remain true to the plain and ordinary meaning of the claim terms as understood by a person of ordinary skill in the art, Defendant Zoho Corporation ("Defendant") provides the Court with improper and, at times, nonsensical proposed constructions. Defendant attempts to persuade the Court to construe the disputed terms in a manner that would ensure a noninfringement finding for any accused infringer of the '120 Patent, as Defendant's proposed constructions go against the technology on which it is based.

For the foregoing reasons, as well as the reasons discussed below, the Court should reject each of Defendant's proposed constructions.

## II.     DISPUTED CLAIM TERMS

### A.     Term 1:  File List (Claims 1, 6, 12, 15, 19, 20 and 21)

| Plaintiff's Construction | Defendant's Construction |
|---|---|
| No construction necessary/plain and ordinary meaning<br><br>Or in the alternative, "logic interface displayed on a client machine that allows a user to download from or upload files to a store on a network" | "a logic interface in software running on a client machine that allows a user to download or upload files to a store on a network, alerts users when files are available for download, and displays available files from the store without otherwise providing the user access to the store" |

As a threshold consideration, both parties agree that the term "file list" is a logic interface displayed on a client machine that allows a user to download from or upload files to a store on a network.

Plaintiff takes issue with Defendant's proposed construction of the term "file list" for the following reasons.  Defendant's proposed construction reads additional limitations into the term "file list", namely the functionality to notify users when files are available for download - even though Defendant admits that the "specification defines the '"file list"' as the client-side logical interface to files stored in the network store".

3

To justify the unnecessary limitation "notifies users when files are available for download", Defendant refers to the following specifications, <u>none of which describe "notifying" a user "when" files are available for download</u>.

> "[t]he file list, as the name suggests, serves as a bulletin board to announce what files are available for a user." [11:23-29].
>
> "uploads a file from his/her computer to a file repository," "the file list indicates to those eligible to access, now acting as a messenger, that a file is available for downloading." [6:62-7:11].

The above excerpts only show that the file list indicates to the user "what" files are available for downloading, *i.e.*, it lists the files that are available for downloading – without necessarily requiring that an actual notification be transmitted to the user alerting him about the availability of such a file. Indeed, if the file list displays to the user that the file is available for downloading, the act of displaying is an indication in and of itself. Defendant also cites the following specification in support of its flawed construction:

> "acting as a messenger when a file is available for downloading," … "an alerting message" … "a system-generated electronic email or instant message" … "an audio sound is produced." [7:24-25].

Each of Defendant's excerpts relate to non-limiting embodiments of the present invention. This is made clear when one considers the surrounding text, as set forth below.

> "Files section **216** in FIG. 2A is shown as a file list acting as a messenger when a file is available for downloading. The messenger may be configured to produce an alerting message that may be displayed on a client machine. <u>In one embodiment</u>, the alerting

4

message is a system-generated electronic email or instant message to those eligible to access the file in the file list (e.g., Files section **216**). <u>In another embodiment, an audio sound is produced so that a user becomes aware that a file is available for sharing</u>. <u>In still another embodiment, the file list shows an updated number, for example, from 4/6 to 5/6, indicating there are six files in the file list of which five files have not been accessed.</u>" [7:24-35 (emphasis added)]

Defendant conveniently leaves out portions of the same paragraph which clearly show that while the file list may indeed transmit alerting message or an audio sound, it also may alternatively "show[s] an updated number", "indicating there are six files in the file list of which five files have not been accessed".

The '120 patent specifications require the "file list" to list files available for downloading and to provide a logical interface for users to download and upload files to a store, but do not limit the "file list" to necessarily "notify" users (presumably through an alerting message or an audio sound, as Defendant's proposed construction seems to suggest).

Other portions of the '120 patent specifications similarly any such limitation.

"The Files section **216**, also referred to as a file list providing indications and listing of any files that are available for downloading by all registered users." [6:53-55]

"a file list or an interface thereto **240**, **242** or **244** is simply provided to indicate a logic interface to which a registered user can upload a file or from which a file can be downloaded." [8:17-20]

"Instead of sharing a file instantly with all users, the file list provides a logic interface from which a user can download one or more available files when needed." [11:26-29]

The '120 patent claims further require "notifying the second client machine

by the server of the file" (claim 1) and "notifying a second member by the server of the file" (claims 12 and 19).  In each of the claims such "notifying" is performed in response to a first user uploading the file to the store.

To the extent Defendant intends this limitation to be "notifies users when a file is available for download", it is already expressly present in the claim and, thus, redundant. Construing "file list" in such a manner would render the claim meaningless. *See e.g., In re Power Integrations, Inc.,* 884 F.3d 1370, 1376 (Fed. Cir. 2018).

### B.    Term 2:  Internal Mail (Claims 12 and 19)

| Plaintiff's Construction | Defendant's Construction |
|---|---|
| No construction necessary/plain and ordinary meaning | "an organization's private electronic communication system like email that uses only internal identifiers to deliver email and delivers email to the organization's users through a private server" |

As a threshold matter, both parties agree that internal email enables exchange of communication only among registered users by a server.

Plaintiff takes issue with Defendant's proposed construction for the following reasons.  Defendant's proposed construction requires that internal mail be delivered

using only internal identifiers and through a private server Defendant's proposed construction however also requires that such communication is necessarily email, that it uses only internal identifiers, and that such communication is delivered using necessarily a private server.

Of these additional limitations, at least the limitation "delivers email to users through a private server" does not find any support in the patent specifications, and the Defendant too provides no support for the same. The specifications teach only that the internal mail is exchanged within registered users served by <u>a server</u>, not necessarily a <u>private server</u>.

> "the i-mail limits email exchanges within registered users served by a server. Given an identifier, such as "john" or "8723", it is known to those skilled in the art that no messages originated outside the collaborative platform could reach any of the registered users of the collaborative platform even if the identifier is leaked to and abused by other than the registered users." [9:28-34]

It should be noted that the patent specifications do however mention "private domain" which is not necessarily the same as a private server. Indeed, one server may host multiple private domains, semi-public domains, and public domains. A "private server" would suggest that the server is only capable of hosting private domains, which is clearly in contrast to how the '120 patent specifications treat "server".

> "According to one aspect of the present invention, registered users in the system are provided public, group and private areas or domains. Depending on the privacy, communications with others may be conducted in any one of these domains. According to another aspect of the present invention,

communications with others can be conducted through electronic internal mail (herein "i-mail"), instant messaging and file sharing." [4:8-15]

FIG. 3A shows an activation or launch of i-mail by selecting a recipient under the Online Users or Directory in the Public domain or Workgroup domain.

By way of example, if Becky wants to send an i-mail message to Edward, the name "Edward", an icon, or photo image thereof may be right-clicked to choose the "Send i-mail" command that leads to a display (not shown) to Becky to compose the email.

As described above, unlike the prior art email systems that are open to everyone, i-mail is formed with a close loop among all registered users. If there are N registered users, where N is a finite integer, the close loop for the i-mail includes only the N registered users, and only the N registered users can communicate with each other, thus no unwanted email from unregistered users could penetrate the close loop.  New users, permitted by the server, can join the collaborative platform at anytime and from anywhere." [9:35-54]

Therefore, it would be improper to limit "internal email" to be delivered necessarily through a "private server".

### III.   Conclusion

Plaintiff respectfully asks this Court to reject Defendant's insupportably narrow constructions for the terms addressed above and instead find that the plain and ordinary meaning of the terms be adopted.

Dated: August 31, 2021

Respectfully submitted,

*/s/ Thomas G. Fasone III*
Thomas G. Fasone, III
Texas State Bar No. 0785382
tfasone@inventorsfirst.com
**Inventors First Law Group, PLLC**
2355 Thomas Ave, No. 2010
Dallas, Texas 75201
Telephone: (214) 402-5101


Raymond W. Mort, III
Texas State Bar No. 0791308
raymort@austinlaw.com
**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on August 31, 2021, with a copy of this document via the Court's CM/ECF.

*/s/ Thomas G. Fasone III*

Thomas G. Fasone III